IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LESTER GREEN,

                    Petitioner,

                                                    OPINION AND ORDER

    v.

                                                       09-cv-293-bbc

CAROL HOLINKA, Warden,
Federal Correctional Institution,

                    Respondent.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Lester Green, an inmate at the Federal Correctional Institution in Oxford, Wisconsin, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He contends that the Federal Bureau of Prisons has calculated his prison term in violation of 18 U.S.C. § 3583(a) by not including his three-year term of supervised release as part of his 121-month prison sentence. Because petitioner argues that he is entitled to an earlier release date, he is challenging the duration of his confinement, making a habeas corpus petition the proper vehicle for raising his challenge. Richmond v. Scibana, 387 F.3d 602 (7th Cir. 2004). In addition, because he is challenging the execution of his sentence rather

---

[1] Petitioner named the "United States of America" as respondent. However, under 28 U.S.C. § 2242, the proper respondent is "the person who has custody over" petitioner. I have amended the caption accordingly.

1

than the imposition of his sentence, § 2241 is the proper statute under which to proceed. Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003). Finally, petitioner alleges that he has exhausted all administrative remedies and has paid the $5 filing fee.

Having reviewed the petition and the relevant statutes, I conclude that the Bureau has calculated petitioner's release date correctly. Because petitioner has failed to show that he may be entitled to relief on his claim, I must deny his petition.

The petition filed in this case is barebones and contains very few factual allegations regarding petitioner's conviction and sentence. Attached to the petition are copies of petitioner's administrative complaints and the responses that he received. These documents indicate the date of petitioner's arrest and sentencing, along with a case number for his criminal case in the United States District Court for the Northern District of Illinois. Using this information, I was able to access court records available online, including the judgment of conviction in that case. I have attached a copy of that judgment to this order. Therefore, the following allegations of fact are drawn from the petition, its attachments and the judgment of conviction.

ALLEGATIONS OF FACT

Petitioner Lester Green is a prisoner at the Federal Correctional Institution in Oxford, Wisconsin. He was arrested on May 16, 2002 and pleaded guilty to dealing firearms and

2

possession of a firearm by a felon. On March 12, 2004, the United States District Court for the Northern District of Illinois sentenced petitioner to 60 months in prison on one count and 61 months on the other count, to run consecutively. United States v. Green, case no. 02-cr-498-1, dkt. 94, at 2-3. The district court also ordered that "[u]pon release from imprisonment, [petitioner] shall be on supervised release for a term three (3) years on counts 2 & 3 to run concurrently to each other." Id. at 4.

The Federal Bureau of Prisons calculated petitioner's release date as March 21, 2011 and told petitioner that his supervision would commence on the date that he is released from prison.

OPINION

Petitioner contends that he is in custody in violation of federal law because the Federal Bureau of Prisons has calculated his release date incorrectly under 18 U.S.C. § 3583(a), which states:

> (a) **In general**.--The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute or if the defendant has been convicted for the first time of a domestic violence crime as defined in section 3561(b).

3

(Emphasis added). Plaintiff argues that because the statute uses the term "include," the period of supervised release is part of the total prison sentence. Under petitioner's theory, his three-year term of supervised release should run concurrently with his 121-month prison sentence, making his release date in 2009 and not 2011.

In support of his argument, petitioner cites 21 U.S.C. § 841(b)(1), which sets punishments with respect to controlled substances. Petitioner asserts that § 841(b)(1)(A) "imposes" a term of supervised release in addition to imprisonment, whereas § 841(b)(1)(B) "includes" a term of supervised release. However, petitioner fails to recognize that § 841(b)(1)(B) states that the sentence shall include a term of supervised release "in addition to such term of imprisonment." Therefore, the term "include" means that the supervised release is part of the overall sentence, not the prison sentence. Like 18 U.S.C. § 3583, 21 U.S.C. § 841 specifically states that the term of supervised release is distinct from the term of imprisonment.

Further, 18 U.S.C. § 3624(a) says that "[a] prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment, less any time credited toward the service of the prisoner's sentence." Section 3624(e) goes on to explain that:

> The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which

4

the person is subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.

Petitioner argues that the statutes allow the court to use its discretion in deciding whether to include the term of supervised release as part of the term of imprisonment. I disagree. In any event, the 2004 judgment of conviction conforms to federal law. According to the order, petitioner's 60-month and 61-month prison terms are to run consecutively, for a total of 121 months. In addition, "upon his release from imprisonment," petitioner is to serve three years on supervised release on each count and the two terms of supervised release are "to run concurrently to each other." Nothing in the judgment of conviction indicates that the court intended petitioner's prison term and term of supervised release to run concurrently.

Finally, petitioner asserts that a total sentence (including periods of imprisonment and supervised release) of more than 121 months violates his plea agreement. He fails to allege any facts discussing the terms of his plea agreement. To the extent that petitioner is alleging that the imposition of his sentence violates his plea agreement, he must raise that claim in a motion brought pursuant to 28 U.S.C. § 2255 and not in a § 2241 petition. Kramer, 347 F.3d at 217. Given that petitioner was convicted over five years ago and the statute of limitations period for filing a § 2255 motion expires one year after the judgment

5

of conviction becomes final, it is unlikely that petitioner will be able to bring a timely § 2255 motion.

Because petitioner has failed to show that he may be entitled to relief, I must deny his petition.

ORDER

IT IS ORDERED that Lester Green's petition for a writ of habeas corpus is DENIED for his failure to show that he is in custody in violation of federal law. The clerk of court is directed to close the case.

Entered this 19th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge